MILWAUKEE HARVESTER COMPANY *v.* TYMICH.

TYMICH *v.* MILWAUKEE HARVESTER COMPANY.

Opinion delivered May 19, 1900.

1. EVIDENCE—ADMISSION OF AGENT.—On trial of an attachment, the ground of which was that defendant was about to dispose of his property fraudulently, it was not error to exclude proof of declarations and admissions of defendant's son and agent, made in defendant's absence and without his authority. (Page 227.)

2. ATTACHMENT—EVIDENCE OF FRAUD.—Where an affidavit in attachment alleged that defendant was about to make a fraudulent disposition of his property, it was error to refuse to permit plaintiff to prove that defendant attempted to collect garnished claims, offering to give receipts antedating the garnishment, though such attempt was made subsequent to the attachment. (Page 228.)

3. EVIDENCE—REFRESHING MEMORY.—It was not error to permit a witness to prove the items of an account from a balance sheet admitted to be correct, though not made by him. (Page 228.)

4. CONTRACT—BREACH—SIMILAR VIOLATIONS AS DEFENSE.—Where, in an action against an agent for breach of contract, it was shown that defendant had violated his contract by making sales to irresponsible parties to be paid for at times different from those provided in the conract, it was proper to exclude evidence that under a prior and similar contract defendant had in like manner departed from the contract in in making sales to parties not shown to have been insolvent, and that no complaint was made. (Page 229.)

5. INSTRUCTION—ASSUMPTION OF FACT.—If there was an undisputed liability of the defendant under the contract, it was competent for the court to tell the jury to return a verdict for any amount they might find to be due. (Page 229.)

Appeals from Prairie Circuit Court, Southern District.

JAMES S. THOMAS, Judge.

STATEMENT BY THE COURT.

Plaintiff sued W. A. Tymich and Joseph Hobart, as partners under the firm name of Tymich & Hobart, on November 2, 1896, for $739, and sued out an attachment on the grounds that defendants were about to sell and dispose of their property

with the fraudulent intent to cheat, hinder and delay their creditors.

Defendants answered, denying the debt, and filed an affidavit denying the grounds of the attachment. The issues thus formed were submitted to the jury. After the introduction of the evidence, the jury, under the direction of the court, returned a verdict for the defendant Hobart both upon the debt and the attachment. The issues upon the debt and the attachment as to the defendant W. A. Tymich were submitted to the jury, and the court instructed the jury to find for the plaintiff in whatever sum they may find due. The jury returned a verdict for $743.20, and dissolved the attachment. Judgment was accordingly rendered. Plaintiffs filed their motion for a new trial in this cause as to the verdict dissolving the attachment, which was overruled. Plaintiffs excepted.

The motion for a new trial was on the following grounds, to-wit: (1) Because said verdict was contrary to law. (2) Because said verdict was contrary to the evidence. (3) Because said verdict was contrary to the law and evidence. * * * (5) Because the court erred in refusing to permit W. C. Holmes to testify as to statements made by defendant Tymich's son, while in the store, as to the whereabouts of his father. (6) Because the court erred in refusing to permit Holmes to testify as to the statements made by Tymich's son 'as to his father wanting to sell out, and that he could get things cheap, etc. (7) Because the court erred in refusing to permit plaintiffs to prove by Svantner, Jas Dvorek and John Peters that the defendant Tymich tried to collect claims garnished, and to discount the same from parties who had been garnished, and to show by the sheriff's return that the same had been garnished. Plaintiffs appealed to the supreme court.

*Trimble & Robinson,* for Tymich & Hobart.

The court erred in the admission of testimony that was immaterial and concerned facts not set up in the pleadings. 29 Ark. 500; 41 Ark. 393; 30 Ark. 612; 25 Ark. 570; 13 Ark. 88; 7 Ark. 516. It was also error to allow witness Griffith to refer to the balance sheet in testifying. McKelvey, Ev. 319.

The court erred in giving the first, second and fourth instructions asked by appellee. The cause of action, if any was proved, was entirely different from that set up by the pleadings, and a dismissal of the complaint was the only remedy. Pom. Remedies, § 554; 2 Rice, Ev. 661; Newman, Pldg. 723; Green's Pldg. & Pr. § 475; Baylies, Code Pldg. 324; 2 Comst. 506; 88 N. Car. 95. The court erred in in structing the jury to "*return a verdict for the plaintiff in any amount they may find due.*" Const. Ark. art. 8, § 23; 37 Ark. 164; *ib.* 239; 37 Ark. 580; 35 Ark. 146; 33 Ark. 350; 36 Ark. 451; 34 Ark. 369; 34 Ark. 373. It was error to refuse instruction number two asked by defendant. Pom. Remedies, § 553; Baylies, Code Pldg. 324.

*W. E. Atkinson*, for Milwaukee Harvester Company.

There was no error in the court's rulings upon the testimony of witness Griffith, or upon the instructions noticed in brief of appellant. Appellant Milwaukee Harvester Company, contends that the court erred in its rulings upon evidence and instructions.

*Trimble & Robinson* and *Sam. W. Williams*, in reply.

Parol evidence is admissible to show a waiver of performance or other matter modifying the contract before breach, and subsequent to the making of it. 52 Ark. 11; 53 Ark. 215; *ib.* 743; Chit. Cont. 105. The court erred in excluding evidence, as to the titles of plaintiff, the previous course of dealing and the good faith of defendants, on the question of whether the agent's deviation from their orders amounted to a conversion of the principal's property. Story, Ag. §§ 85, 118, 141, 193, 237, 333. Conversion must be proved before the tort can be waived. 2 Ark, 512; 10 Ark. 211; Story, Ag. 224; 47 Ark. 533. Appellant was guilty of no negligence. Whart. Neg. § 534. That was a question for the jury. 25 Ark. 74; 35 Ark. 602; 49 Ark. 182; 54 Ark. 159; 52 *ib.* 368; 57 Ark. 429.

HUGHES, J., (after stating the facts.) We are of the opinion that the court committed no error in refusing to per-

mit Holmes to testify, on the trial of the attachment, as to statements made by the son of the defendant Tymich, while in his father's store, as to the whereabouts of his father, and as to his father's wanting to sell out, and that he, Holmes, could get things cheap, etc. The son was keeping his father's store in his father's absence, but was not authorized to bind his father by any admission or any statement he might make. "The declaration or admission of an agent are never competent evidence against his principal, nor anything he may say before or after making the contract or the doing of an authoritative act, unless it forms part of the *res gestœ*, or has some necessary connection with it, and is a part of the contract or act itself." *Byers* v. *Fowler*, 14 Ark. 86. Holmes' testimony as to what the son said his father wanted to do would have been hearsay. The son himself was a competent witness. *State Bank* v. *Woody*, 10 Ark. 638; *Sadler* v. *Sadler*, 16 Ark. 628.

The court committed error in refusing to permit the plaintiff to prove that the defendant Tymich tried to collect claims from persons who had been garnished in the action, and that he offered to give receipts for payment antedating the garnishment. True, this was subsequent to the affidavit for and issuance of the attachment. The affidavit for the attachment stated that the defendants were about to sell and dispose of their property with the fraudulent intent to cheat, hinder and delay their creditors. Trying to collect from persons garnished in the action, with an offer to receipt for payments of a date prior to the date of the garnishment, was a circumstance that should have gone to the jury for what it was worth, and it was error in the court to exclude the proof of it, for which the judgment on the attachment is reversed, and said cause No. 3818 is remanded for a new trial.

In case No. 3737, of Tymich & Hobart *v.* Milwaukee Harvester Company it is contended that the court erred in allowing Griffith, the agent for the appellee, to use a balance sheet to refresh his memory in testifying. This balance sheet had been compared by Griffith and Tymich with the books of Tymich, and had been found by them to agree in all respects, and it was agreed between them to be correct. This was shown in evi-

dence.   The balance sheet used was taken from the books of the Milwaukee Harvester Company, and was furnished Griffith, but was not made ¦by him.   Under the circumstances, there was no error in the court's allowing Griffith to refer to the balance sheet to refresh his memory in testifying.

The plaintiffs offered to and did prove that the defendant Tymich had violated his contract with them by selling their machinery, etc., to irresponsible parties, to be paid for at times different from the times provided in the contract.   The defendant offered to prove that, under a similar but different contract, he had departed from the contract in selling the plaintiff's machinery in 1894 and 1895, and that no complaint had been made of this.   The court excluded this testimony, and the defendant excepted, and insists here upon his exceptions.   We fail to see that a violation of a contract at one time will justify or excuse the violation of another and 'different contract at another time.   Besides, the notes taken in 1894 and 1895 may have been on solvent parties.   To so hold would be neither good logic nor good morals.

The instructions of the court are not set out in the abstract, and we take it therefore they are correct.   This we presume where the instructions are not shown in the abstract. But it is urged that the court erred in instructing the jury to return a verdict for the plaintiff in any amount they might find due.   There was no error in this.   This was what the jury were bound to do.   They were not told that anything was due, or that they might so find.   The violation of the contract was undisputed, and the court had the right to construe the contract.   If the court saw that there was an undisputed liability of the defendant under the contract, it was competent for the court to tell the jury to return a verdict for any amount they might find to be due.

The judgment in this case (No. 3737) is affirmed.